# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60374
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 13, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALLEN BRICE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:16-CR-2-2

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Allen Brice appeals his jury trial convictions on seven counts of aiding and assisting in the preparation and presentation of a false tax return and his cumulative sentence of 63 months of imprisonment. *See* 26 U.S.C. § 7206(2). Reviewing de novo, we affirm. *See United States v. Jara-Favela*, 686 F.3d 289, 299 (5th Cir. 2012).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60374

The convictions resulted from Brice's work preparing income tax returns in the office of Flash Financial, a Gulfport, Mississippi, business owned by his co-defendant, Jeremi Washington.  Each count charged that Brice did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a materially false tax return. In its jury instructions, the district court stated that § 7206 makes it a crime for anyone to willfully aid or assist in the preparation of a document under the Internal Revenue laws that is false or fraudulent as to any material matter.

We reject Brice's argument that the district court erroneously permitted a constructive amendment of the indictment by not requiring the Government to prove all matters alleged conjunctively in each count of conviction; the district court's jury charge comports with our precedent.  *See United States v. Bennett*, 874 F.3d 236, 257 (5th Cir. 2017); *United States v. Holley*, 831 F.3d 322, 328 n.14 (5th Cir. 2016).  We see no merit in Brice's contention that a defendant is prejudiced if the Government is not required to commit, before trial, to what Brice calls the indictment's material elements that that the Government intends to prove.  Our caselaw amply alerts a defendant to prepare a defense against each and every means of violating a disjunctive statute alleged conjunctively in an indictment, as proof of even one of them suffices for a conviction.  *See Bennett*, 874 F.3d at 257; *Holley*, 831 F.3d at 328.

AFFIRMED.